RECEIVED
APR 1 7 2008
CHAMBERS OF
LEONARD B. SAND

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-17-08

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**BENJAMIN E. STOCKMAN**
*Assistant Corporation Counsel*
(212) 788-1177
(212) 788-9776 (fax)
bstockma@law.nyc.gov

**MEMO ENDORSED**

April 16, 2008

**BY HAND**
Honorable Leonard B. Sand
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007

     Re:    <u>Samuel Mensah v. City of New York, et al.</u>
            07 Civ. 9850 (LBS)

Your Honor:

        I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendant City of New York and the New York City Police Department ("NYPD"). Defendants respectfully request that their time to respond to the complaint in this action be extended for sixty days from April 16, 2007, to June 16, 2008.[1] Plaintiff's counsel consents to this request.[2]

        Plaintiff alleges that he was assaulted and/or subjected to excessive force following an incident on November 1, 2005, at a Halloween party at the Webster Hall nightclub in Manhattan. Plaintiff claims that two individuals who were dressed in NYPD uniforms and

---

[1] There is no indication whether the individually-named defendants, Miguel Castillo and Franklin Rosario have been served with process in this matter. As of this date, no request for representation has been received with respect to these defendants, nor does the docket sheet indicate service on them. Without appearing on their behalf, it is respectfully requested that, if they have been served, the same extension be granted to them to ensure that their defenses are not jeopardized while representation issues are decided.

[2] Although the Court's docket sheet reflects that plaintiff is proceeding *pro se*, plaintiff informed me that he is represented by James P. Kimball, *Esq.*, and I contacted Mr. Kimball who confirmed his representation of plaintiff and consented to this request.

COPIES MAILED TO ALL PARTIES
4-17-08 S.Y.

**MEMO ENDORSED**

who plaintiff believed to be NYPD Officers, commenced to assault him in the nightclub by kicking, punching and biting him on various parts of his body. Plaintiff claims that he suffered permanent injuries as a result of this incident and has lost employment earnings.

There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. In this case, plaintiff claims that two uniformed police officers assaulted him in a nightclub. Accordingly, it is necessary for our office to acquire as much information as possible concerning this matter in order to properly assess the case and respond to the complaint. It is not clear from the complaint whether plaintiff was arrested as a result of this incident, but if he was arrested, and the criminal charges brought against him were dismissed, all records concerning plaintiff's underlying arrest and prosecution would be sealed pursuant to New York Criminal Procedure Law §160.50. Accordingly, this office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of records that may have been sealed pursuant to N.Y.C.P.L. §160.50, which is necessary for our office to obtain the criminal court, police, and district attorney records associated with any underlying arrest and prosecution. This office is also in the process of forwarding to plaintiff for execution a medical release, which is necessary for our office to obtain any medical records associated with plaintiff's alleged injuries and treatment.

Further, assuming plaintiff effects timely service on the individual defendants, the extension should allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent the individually-named defendants. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an extension has been made in this action. Accordingly, we respectfully request that defendants City of New York and NYPD be granted an extension until June 16, 2008 in which to respond to the complaint.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

Benjamin E. Stockman
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   James P. Kimball, *Esq.*, Attorney for plaintiff
      15 Warren St.
      Hackensack, NJ 17601  (by Fax)

**MEMO ENDORSED**