07 Civ. 9850 (LBS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL MENSAH,

                                             Plaintiff,

                    -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, Individually and in their official capacity as New York City Police Officers – FRANKLIN ROSARIO and MIGUEL CASTILLO, WEBSTER HALL; JOHN DOES 1-10, fictitious names, true identities unknown, and ABC COMPANIES 1-10, fictitious entities, true identities unknown,

                                             Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
   *Attorney for Defendant*
   *100 Church Street*
   *New York, N.Y. 10007*

   *Of Counsel: Philip Frank*
   *Tel: (212) 788-0893*
   *Matter No. 2008-013233*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

STATEMENT OF FACTS ................................................................................................. 2

RULE 12(c) STANDARD FOR DISMISSAL ................................................................... 3

ARGUMENT

    POINT I

        PLAINTIFF'S CLAIMS AGAINST THE NYPD SHOULD BE DISMISSED BECAUSE IT IS A NON-SUABLE ENTITY ......................................................................... 5

    POINT II

        PLAINTIFF FAILS TO STATE A FEDERAL CLAIM AGAINST DEFENDANT CITY OF NEW YORK PURSUANT TO 42 U.S.C. § 1983 BECAUSE PLAINTIFF MAKES NO FACTUAL ALLEGATIONS THAT THE CITY HAD A POLICY, CUSTOM OR PRACTICE THAT CAUSED HIS ALLEGED CONSTITUTIONAL VIOLATIONS. ......................................................................... 6

    POINT III

        TO THE EXTENT THAT PLAINTIFF BRINGS ANY STATE LAW CLAIMS, THEY ARE BARRED BY HIS FAILURE TO COMPLY WITH CONDITIONS PRECEDENT TO SUIT. ......................................................................... 8

    POINT IV

        THIS COURT SHOULD *SUA SPONTE* DISMISS THE CLAIMS AGAINST THE INDIVIDUAL DEFENDANT OFFICERS BECAUSE PLAINTIFF FAILED TO SERVE THESE DEFENDANTS WITHIN 120 DAYS FROM THE FILING OF THE COMPLAINT. ......................................................................... 9

CONCLUSION ................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases** **Pages**

Adams v. Galletta,
   966 F. Supp. 210 (S.D.N.Y. 1997) ............................................................................... 5

Ashcroft v. Iqbal,
   556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) .................................................... 3, 4, 7, 8

Baez v. New York City Health and Hospitals Corp.,
   80 N.Y.2d 571 (1992) .................................................................................................. 8

Baily v. New York City Police Dep't,
   910 F. Supp. 116 (E.D.N.Y. 1996) ............................................................................... 5

Bell Atlantic v. Twombly,
   550 U.S. 544 (2007) ................................................................................................. 3, 7

Chambers v. Time Warner, Inc.,
   282 F.3d 147 (2d Cir. 2002) ........................................................................................ 4

Conopco, Inc. v. Roll Int'l,
   231 F.3d 82 (2d Cir. 2000) .......................................................................................... 4

Davidson v. Flynn,
   32 F.3d 27 (2d Cir. 1994) ............................................................................................ 3

Grandon v. Merrill Lynch & Co.,
   147 F.3d 184 (2d Cir. 1998) ........................................................................................ 3

Gregory v. New York,
   346 F. Supp. 140 (S.D.N.Y. 1972) ............................................................................... 8

Int'l Audiotext Network, Inc. v. AT&T Co.,
   62 F.3d 69 (2d Cir. 1995) ............................................................................................ 4

Johnson v. P.O. #17969,
   No. 99 Civ. 3964 (NRB), 2000 U.S. Dist. LEXIS 18521 (S.D.N.Y. Dec. 26, 2000) ................ 4

Madonna v. United States,
   878 F.2d 62 (2d Cir. 1989) .......................................................................................... 3

Monell v. Dep't of Social Services,
   436 U.S. 658 (1978) .................................................................................................... 6

Oklahoma v. Tuttle,
   471 U.S. 808 (1985) .................................................................................................... 6

**Cases**                                                                                                   **Pages**

Parrat v. Taylor,
    451 U.S. 527 (1984)......................................................................................................... 6

Rossi v. New York City Police Dep't,
    94 Civ. 5113 (JFK), 1998 U.S. Dist. LEXIS 1717 (S.D.N.Y. Feb. 17, 1998).......................... 5

Samuels v. Air Transp. Local 504,
    992 F.2d 12 (2d Cir. 1993).............................................................................................. 4

Sheridan v. Dubow,
    No. 92 Civ. 6024 (LJF), 1993 U.S. Dist. LEXIS 12197 (S.D.N.Y. Aug. 30, 1993) ................. 5

Sorlucco v. New York City Police Dep't,
    971 F.2d 864 (2d Cir. 1992)............................................................................................ 7

Vasquez v. City of New York,
    No. 99 Civ. 4606 (DC), 2000 U.S. Dist. LEXIS 8887 (S.D.N.Y. June 29, 2000)..................... 4

Vippolis v. Village of Haverstraw,
    768 F.2d 40 (2d Cir. 1985).............................................................................................. 6

Warner v. Goshen Police Dep't,
    256 F. Supp. 2d 171 (S.D.N.Y. 2003)................................................................................. 8

**Statutes**

42 U.S.C. §1983................................................................................................... 1, 2, 6, 7

Fed. R. Civ. P. 4(m) ........................................................................................................ 9

Fed. R. Civ. P. 12(b) ....................................................................................................... 5

Fed. R. Civ. P. 12(b)(6).............................................................................................. 3, 4, 5

Fed. R. Civ. P. 12(c) ................................................................................................... 2, 3, 4

Fed. R. Civ. P. 56 ........................................................................................................ 2, 3, 5

Federal Rule of Guidence 201 ........................................................................................ 4

N.Y. City Charter, Chapter 16, § 396 .............................................................................. 5

N.Y. Gen. Mun. Law § 50-H ........................................................................................... 2

N.Y. Gen. Mun L. § 50-i................................................................................................. 8

| **Statutes** | **Pages** |
|---|---|
| N.Y. Gen. Mun L. § 50-i(1)(c) | 8 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

SAMUEL MENSAH,

                                                        Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, Individually and in their official capacity as
New York City Police Officers – FRANKLIN ROSARIO and
MIGUEL CASTILLO, WEBSTER HALL; JOHN DOES 1-10,
fictitious names, true identities unknown, and ABC
COMPANIES 1-10, fictitious entities, true identities unknown,

                                                        Defendants.

------------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

07 Civ. 9850 (LBS)

## PRELIMINARY STATEMENT

Plaintiff Samuel Mensah brings this action pursuant to 42 U.S.C. § 1983, alleging that he was subjected to excessive force and state common law assault and battery by the City of New York ("City"), New York City Police Department ("NYPD"), Police Officer Franklin Rosario ("Rosario"), Police Officer Miguel Castillo ("Castillo"). (See Complaint (hereinafter "Compl.") at p. 3, ¶¶ 3-6; pg. 4, ¶¶ 2-4; p. 5, ¶¶2, annexed to the Declaration of Philip S. Frank dated December 20, 2011 (hereinafter "Frank's Decl.") as Exhibit "A".)[1] Specifically, plaintiff alleges that defendants Rosario and Castillo "assaulted plaintiff by kicking, punching and biting him throughout the body." (Id. at p. 3, ¶ 4.)

---

[1] The paragraphs in plaintiff's complaint are not numbered sequentially. Rather, the paragraphs under each cause of action are numbered sequentially, and plaintiff starts at ¶1 for each cause of action. For ease of reference, all citations to plaintiff's complaint refer to a page number and a specific paragraph on that page.

Defendants City and NYPD move to dismiss the complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, or, in the alternative, for summary judgment pursuant to Rule 56, on the grounds that: (1) the NYPD is a nonsuable entity; (2) plaintiff fails to state a federal claim against defendant City pursuant to 42 U.S.C. § 1983; and (3) plaintiff's state law claims should be dismissed because he failed to comply with conditions precedent to suit. In addition, although this Office does not represent the individually-named defendants Rosario and Castillo, defendants City and NYPD respectfully request that the Court *sua sponte* dismiss the claims against them for plaintiff's failure to serve the officers in over four years.

## STATEMENT OF FACTS

Plaintiff alleges in his complaint that in the early morning hours of Halloween night, on November 1, 2005, he was at Webster Hall on East 11th Street, New York, New York. (Compl. at p. 2, ¶ 1; see plaintiff's 50-h transcript, taken on March 8, 2006 (hereinafter "50-h"), at 16:17 to 17:23, annexed to Frank's Decl. as Exhibit "C.") Rosario and Castillo were dressed in NYPD uniforms. (Id. at p.3, ¶3.) Both Rosario and Castillo "assaulted plaintiff by kicking, punching and biting him throughout the body." (Id. at p. 3, ¶ 4.)

Plaintiff testified at a hearing held pursuant to General Municipal Law § 50-H on March 8, 2006. Plaintiff explained that he was approaching a bar at Webster Hall to purchase a drink and encountered two women. (50-h at 26:3 to 22.) A man tapped plaintiff on the shoulder and made a provocative statement. (Id. at 26:22 to 27:16.) When plaintiff tried to walk away, he was pushed against a wall. (Id. at 27:18 to 21.) Several people approached plaintiff, including a man in an NYPD officer uniform. (Id. at 28:8 to 11.) These two men plus another man and two girls began punching plaintiff. (Id. at 28:16 to 22.) Both the man who held plaintiff against the wall and the one in uniform were arrested for this incident that night. (Id. at 41:12 to 43:19).

They were subsequently prosecuted for this incident by the New York County District Attorney's Office. (Id. at 49:20 to 52:8.)

Plaintiff filed the complaint on November 7, 2007. As of the date of filing this brief, defendants Rosario, Castillo, and Webster Hall have not been served. (See Docket Sheet, annexed to Frank's Decl. as Exhibit "B.")

## RULE 12(C) STANDARD FOR DISMISSAL

The City and NYPD move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. The test for evaluating a Fed. R. Civ. P. 12(c) motion is the same test applicable to a motion to dismiss under Fed. R. Civ. P. 12 (b)(6). The court is required to accept the material facts alleged in the complaint as true and to construe all reasonable inferences in the nonmoving party's favor. Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998); Davidson v. Flynn, 32 F.3d 27, 29 (2d Cir. 1994) (citing Madonna v. United States, 878 F.2d 62, 65 (2d Cir. 1989)). However, to survive a motion to dismiss, a pleading must be supported by allegations that are not merely conclusory, but put forth underlying facts so as to make a claim plausible on its face. Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009). Factual allegations contained in a complaint "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true . . . ." Twombly, 550 U.S. at 555. However, legal conclusions disguised as facts are not entitled to the assumption of truth. Id. See also Iqbal, 129 S. Ct. at 1949.

The factual allegations must show the grounds on which a plaintiff is entitled to relief beyond "labels and conclusions, and a formulaic recitation of the elements of a cause of

action." Twombly, 550 U.S. at 555. A plaintiff must plead sufficient factual allegations which nudge her claim "across the line from conceivable to plausible." Id. at 570. Thus, the mere filing of a complaint "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions . . ." Iqbal, 129 S. Ct. at 1950. Furthermore, a motion under Rule 12(c) should be granted if an affirmative defense, or other reason barring relief, is apparent from the face of the complaint. Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86-87 (2d Cir. 2000).

In deciding such a motion, a court should consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993); Int'l Audiotext Network, Inc. v. AT&T Co., 62 F.3d 69, 72 (2d Cir. 1995) (per curiam). For purposes of dismissal, the complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (quoting Int'l Audiotext, 62 F.3d at 72). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." Chambers, 282 F.3d at 153 (internal citations omitted). In addition, "it is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)," including arrest reports, criminal complaints, indictments, and criminal disposition data. Vasquez v. City of New York, No. 99 Civ. 4606 (DC), 2000 U.S. Dist. LEXIS 8887, at *2 n.1 (S.D.N.Y. June 29, 2000) (citations omitted); see also Johnson v. P.O. #17969, No. 99 Civ. 3964 (NRB), 2000 U.S. Dist. LEXIS 18521, at *4 (S.D.N.Y. Dec. 26, 2000) (court may consider any matter of which it could take judicial notice under the Federal Rule of Evidence 201).

Moreover, on a 12(c) motion, if "matters outside the pleading are presented to and not excluded by the court," the court may *sua sponte* convert the motion to dismiss into a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 12(b); see also Sheridan v. Dubow, No. 92 Civ. 6024 (LJF), 1993 U.S. Dist. LEXIS 12197, at *2 (S.D.N.Y. Aug. 30, 1993) (wherein court converted a motion brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure into a motion for summary judgment).

Here, relying solely on the facts presented in plaintiff's Complaint and the public record, all claims against the City and NYPD must be dismissed.

## ARGUMENT

### POINT I

**PLAINTIFF'S CLAIMS AGAINST THE NYPD SHOULD BE DISMISSED BECAUSE IT IS A NON-SUABLE ENTITY.**

Plaintiff's claims against the NYPD should be dismissed because it is a non-suable entity. The NYPD is an agency of the City of New York. As such, it lacks independent legal existence. The New York City Charter provides that "all actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter, Chapter 16, § 396. In accordance with that provision, it is well settled that the NYPD is a non-suable entity. Adams v. Galletta, 966 F. Supp. 210, 212 (S.D.N.Y. 1997); Baily v. New York City Police Dep't, 910 F. Supp. 116, 117 (E.D.N.Y. 1996); Rossi v. New York City Police Dep't, 94 Civ. 5113 (JFK), 1998 U.S. Dist. LEXIS 1717, at *14-15 (S.D.N.Y. Feb. 17, 1998). As the Rossi court concluded, "the New York City Police Department is an organizational subdivision of the City of New York, lacking independent legal existence and as such is not a suable entity." Id. Accordingly, any claim against the NYPD should be dismissed.

# POINT II

**PLAINTIFF FAILS TO STATE A FEDERAL CLAIM AGAINST DEFENDANT CITY OF NEW YORK PURSUANT TO 42 U.S.C. § 1983 BECAUSE PLAINTIFF MAKES NO FACTUAL ALLEGATIONS THAT THE CITY HAD A POLICY, CUSTOM OR PRACTICE THAT CAUSED HIS ALLEGED CONSTITUTIONAL VIOLATIONS.**

Plaintiff's claims against defendant City of New York pursuant to 42 U.S.C. § 1983 should be dismissed for failure to state a claim. To state a claim under 42 U.S.C. § 1983, a complaint must allege that a person acting under the color of state law committed acts that deprived plaintiff of a right, privilege, or immunity guaranteed by the Constitution or the law of the United States. Parrat v. Taylor, 451 U.S. 527, 535 (1984). In order to hold a municipality liable as a "person" within the meaning of § 1983, the plaintiff must establish that the municipality itself was somehow at fault. Monell v. Dep't of Social Services, 436 U.S. 658, 609-91 (1978). "The plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries," and second, he must establish a causal connection – an "affirmative link" – between the policy and the deprivation of his constitutional rights." Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985) (citing Oklahoma v. Tuttle, 471 U.S. 808, 824 n. 8 (1985). Therefore, in order to establish municipal liability, plaintiff must demonstrate that an identified municipal policy or practice was the "moving force [behind] the constitutional violation." Monell, 436 U.S. at 694. If plaintiff is unable to plead and establish that a municipal policy or practice was the moving force behind the constitutional violation, municipal liability will not attach.

In the instant case, nowhere in plaintiff's complaint does he allege that (1) the City of New York had a formal policy that caused plaintiff's alleged injuries; (2) that New York

City officials responsible for establishing final policy with respect to the subject matter of this case took action or made a specific decision which caused the alleged violation of plaintiff's constitutional rights; or (3) that there is an unlawful practice by subordinate officials so permanent and well settled to constitute "custom or usage."  Sorlucco v. New York City Police Dep't, 971 F.2d 864, 871 (2d Cir. 1992).  Accordingly, plaintiff's federal claims against defendant City fail as a matter of law.

In fact, plaintiff's complaint does not contain a single allegation concerning any policy, practice or custom of defendant the City of New York.  Rather, plaintiff's complaint contains only bald, legal conclusions that the City and NYPD violated plaintiff's constitutional rights.  These formulaic legal conclusions that plaintiff alleges in the complaint, however, are not entitled to the assumption of truth.  See Iqbal, 129 S. Ct. at 1949.  Plaintiff must plead sufficient factual allegations which nudge his claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.  The complaint is devoid of any specific underlying factual allegations concerning defendant City's policy or practice.  As a result, plaintiff's federal claim pursuant to § 1983 lacks facial plausibility.  Id.  Accordingly, no municipal liability can attach in the instant action as a matter of law.

In applying a heightened pleading standard to Section 1983 actions, the Supreme Court explained that

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Iqbal, 129 S. Ct. at 1950 (citations omitted). In this vain, plaintiff's complaint fails to cross the line from possibility and plausibility. Plaintiff fails to specify what policy or practice he believes led to his injury and what facts support his allegation that this policy or practice existed. Because of this deficiency, the complaint here cannot survive a motion to dismiss because it lacks sufficient factual matter to assert that the City has a policy or practice that caused plaintiff's injury.

## POINT III

**TO THE EXTENT THAT PLAINTIFF BRINGS ANY STATE LAW CLAIMS, THEY ARE BARRED BY HIS FAILURE TO COMPLY WITH CONDITIONS PRECEDENT TO SUIT.**

Plaintiff's state law claims against defendants City and NYPD must be dismissed because plaintiff's complaint was commenced more than one year and ninety days after the incident that plaintiff alleges gave rise to his claim. See N.Y. Gen. Mun L. § 50-i.[2] Section 50-i of the N.Y. Gen. Mun L. requires that plaintiffs asserting claims against a municipal entity or its employees acting in the scope of employment must commence the action within a year and ninety days from the date on which the cause of action accrues. Id. Section 50-i establishes conditions precedent for suit. See Gregory v. New York, 346 F. Supp. 140, 145 (S.D.N.Y. 1972). Section 50-i has been strictly construed by both state and federal courts. See Baez v. New York City Health and Hospitals Corp., 80 N.Y.2d 571, 576 (1992). Failure to comply with the statute of limitations provided for in Section 50-i(1)(c) will bar any state tort claims brought as part of a federal action. See Warner v. Goshen Police Dep't, 256 F. Supp. 2d 171, 175 (S.D.N.Y. 2003).

---

[2] Plaintiff also failed to allege in the complaint that he complied with the other condition precedent to suit against a municipality or its employees, filing a notice of claim with the City.

8

In this case, the incident that gave rise to plaintiff's alleged claims occurred on November 1, 2005. Plaintiff filed his complaint in this action, however, on November 7, 2007, more than two years after the date of incident. As a consequence, plaintiff's state law claims are time-barred because the suit was commenced more than one year and ninety-days after the date of incident. Therefore, plaintiff's state law claims should be dismissed.

### POINT IV

**THIS COURT SHOULD *SUA SPONTE* DISMISS THE CLAIMS AGAINST THE INDIVIDUAL DEFENDANT OFFICERS BECAUSE PLAINTIFF FAILED TO SERVE THESE DEFENDANTS WITHIN 120 DAYS FROM THE FILING OF THE COMPLAINT.**

Plaintiff failed to serve the individually-named defendant officers with a copy of the summons and complaint within 120 days of filing his action. In the four years that this case has been pending, no affidavits of service have been filed. (See Docket Sheet). A plaintiff is required to serve a defendant within 120 days after the complaint is filed and a court is required to dismiss the action without prejudice if this requirement is not satisfied. Fed. Rule Civ. Proc. 4(m). Although this Office does not represent the individually-named defendant officers, because plaintiff has failed to serve the individual officers in over four years, defendants City and NYPD respectfully submit that the Court should *sua sponte* dismiss this action against the individual officers.

## CONCLUSION

For the foregoing reasons, defendants City of New York and NYPD respectfully request that the Court dismiss the complaint as against them in its entirety, and *sua sponte* dismiss the complaint as against the individually-named defendants, together with such other and further relief as this Court may deem just and proper.

Dated:      New York, New York
               December 20, 2011

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel
                                        of the City of New York
                                    Attorney for Defendants City of New York and the New York City Police Department
                                    100 Church Street, Room 3-196
                                    New York, New York 10007
                                    (212) 788-0893
                                    By:       /s/
                                               Philip S. Frank
                                               Assistant Corporation Counsel

To:     <u>Via ECF</u>
         James P. Kimball, Esq.
         Seigel Capozzi, LLC
         *Attorneys for Plaintiff*
         505 Goeffle Road
         Ridgewood, NJ 07450